IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| GLEN RAY, d/b/a Glen Ray's Towing and Recovery, Inc.; MARTY RAY, an individual; and FRANCISCO MARTINEZ, an individual, | * * * * * | |
| Plaintiffs, | * | No. 3:10-cv-00185-JLH |
| v. | * * | |
| CRETE CARRIER CORPORATION, and DARRELL WEISS, | * * * | |
| Defendants. | * | |

## ORDER SETTING SETTLEMENT CONFERENCE

Judge J. Leon Holmes has referred this case to the undersigned magistrate judge for a settlement conference, which is scheduled for **Wednesday, June 8, 2011, at 9:30 a.m.** at Room 319 Federal Building, 615 South Main Street, Jonesboro, Arkansas.

Accordingly, the parties should fully explore and consider settlement at the earliest opportunity. Early consideration of settlement can prevent unnecessary litigation. This allows the parties and the taxpayers to avoid the substantial cost, expenditure of time, and stress that are typically part of the litigation process. Even for those cases that cannot be resolved through settlement, early consideration of settlement can allow the parties to better understand the factual and legal nature of their dispute and streamline the issues to be litigated. Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Set forth below are the procedures the Court will require the parties to follow and the procedures the Court typically will employ in conducting the conference.

A.      FORMAT

      1.      **PRESETTLEMENT CONFERENCE EXCHANGE OF DEMAND AND OFFER.**  A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals.

- Therefore, at least **twenty-one (21) days** prior to the settlement conference, Plaintiff's counsel shall submit a written settlement demand containing itemization of damages to Defendant's counsel with a brief explanation of why such a settlement is appropriate.

- No later than **fourteen (14) days** prior to the settlement conference, Defendant's counsel shall submit a written offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate. On occasion, this process will lead directly to a settlement.

- If settlement is not achieved, Plaintiff's counsel shall deliver or fax copies of all letters to Judge Volpe's chambers no later than **seven (7) days** before the conference. Do not file copies of these letters or any other settlement-related documents on the court docket.

      2.      **ATTENDANCE OF PARTIES.  Parties with full and complete settlement authority are required to participate in the conference.** An insured corporate party should appear by a representative of the insurer who is authorized to negotiate, and who has *authority to settle the matter up to a reasonable settlement demand*. An uninsured corporate party should appear by a representative authorized to negotiate, and *who has authority to settle the matter up to a reasonable settlement demand or offer*.

      3.      **MEDIATION FORMAT.** The Court will generally use a mediation format – a joint session with a brief opening by the Court explaining the settlement process, followed by private caucusing by the Court with each side. The Court expects both the lawyers and the party

representatives to be fully prepared to negotiate in good faith and reach a full and complete settlement in this case. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.

    **4.**    **STATEMENTS INADMISSIBLE.** The Court expects the parties to address each other with civility, courtesy and respect. Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial. Furthermore, this Court will not communicate with the trial court about the settlement process except to report whether the case did or did not settle.

**B.**    **ISSUES TO BE DISCUSSED**

Parties should be prepared to discuss the following at the settlement conference:

1. What are your goals in the litigation and what problems would you like to address in the settlement conference? What do you understand are the opposing side's goals?
2. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?
3. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?
4. What are the points of agreement and disagreement between the parties? Factual? Legal?
5. What are the impediments to settlement? Financial? Emotional? Legal?
6. Does settlement or further litigation better enable you to accomplish your goals?
7. Are there possibilities for a creative resolution of the dispute?
8. Do you have adequate information to discuss settlement? If not, how will you obtain

sufficient information to make a meaningful settlement discussion possible?

9. Are there outstanding lien holders or third parties who should be invited to participate in the settlement conference?

IT IS SO ORDERED this 21st day of April, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE